UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE BILLS, JR.,

    Plaintiff,

v.

PAUL COCORAN et al.,

    Defendants,

_____/

Civil No. 25-10676
Hon. Jonathan J.C. Grey

**OPINION AND ORDER PARTIALLY DISMISSING
CIVIL RIGHTS COMPLAINT AND ORDERING THE SERVICE
OF THE COMPLAINT ON THE REMAINING DEFENDANTS
BY THE U.S. MARSHALS SERVICE**

Plaintiff Freddie Bills, Jr., incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) For the reasons that follow, the complaint is again **DISMISSED IN PART**. The Court **ORDERS** that service be directed as to the remaining defendants.

I.   BACKGROUND

Bills is an eighty-year-old man who has been diagnosed with Peripheral Artery Disease (PAD). (*Id.* at PageID.4.) Bills has already undergone angioplasty surgery on both of his legs. (*Id.*) On April 19, 2024,

a physician's assistant performed an ankle brachial procedure (ABI), after which he approved Bills to have an angiogram procedure performed to determine whether there were blood flow blockages in his legs, which if untreated, could lead to amputation of the legs or a heart attack. (*Id.* at PageID.4–6.)

Bills alleges that Defendant Dr. Paul Corcoran, a doctor employed by Henry Ford Hospital in Jackson, Michigan, declined to perform an angiogram on Bills, believing that the ABI and a treadmill test were sufficient substitutes for the angiogram. (Id. at PageID.7.) Bills alleges that Defendant Sheryl Gonzales, a nurse practitioner employed by the Michigan Department of Corrections ("M.D.O.C.") and Defendant Stephen McAnally, a registered nurse employed by the M.D.O.C., have since refused to order an angiogram to be performed on Bills. (Id. at PageID.7–8.) Bills also alleges that Gonzales refuses to provide any treatment for his high cholesterol or his Stage 2 kidney disease. (Id. at PageID.8.)

## II. LEGAL STANDARD

An indigent person like Bills may proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915 states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007) (citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted).

### III. ANALYSIS

**A. Claims Against Dr. Corcoran**

The complaint must be dismissed against Dr. Corcoran, who is an employee of Henry Ford Hospital, because Bills fails to allege or show that Dr. Corcoran was acting under the color of state law.

A private party like Dr. Corcoran does not automatically become a state actor under § 1983 simply because he provided medical treatment to a prisoner who later alleges deliberate indifference to serious medical needs. *Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021). For example, a private hospital does not become a state actor simply because a prisoner is taken to the hospital's emergency room for treatment. *Id.* (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827–828, 831 (7th Cir. 2009)). The Sixth Circuit has "emphasized the lack of a contract between a state and a doctor when finding that the doctor was not a state actor." *Id.* at 533 (citing *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009)). In *Scott,* the plaintiff inmate was referred by a prison doctor to an outside private hospital for radiation treatment for cancer. *Id.* at 645, 649. The Sixth Circuit held in *Scott* that the hospital oncologist who treated the inmate was not a state actor because there was "no contractual relationship" between the oncologist and the state. *Id.* at 649. The Sixth Circuit noted that the prison doctor had referred the patient to the hospital generally, so the inmate could have been treated by any of the staff oncologists. *Id.* The Sixth Circuit's decision in *Scott* relied on the fact that the state had no influence over the oncologist's care of the

5

inmate, as it was the oncologist alone who decided on the proper treatment based solely on "her own training, experience, and independent medical judgment." *Id*.

Therefore, Bills' complaint must be dismissed against Dr. Corcoran because Bills failed to allege any contractual relationship between the State of Michigan and Henry Ford Hospital or Dr. Corcoran. Additionally, Bills fails to allege that prison health officials had any role in determining the type of care rendered by the Henry Ford Hospital defendants.

### B. Claims Against Gonzalez and McAnally

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Frey*, 992 F.2d 1450, 1454–1455 (6th Cir. 1993).

The test to ascertain whether prison or jail officials were deliberately indifferent to an inmate's serious medical needs, in violation

of the Eighth Amendment prohibition against cruel and unusual punishment, has both an objective and subjective component. *Napier v. Madison Cnty., Ky.,* 238 F.3d 739, 742 (6th Cir. 2001) (citing to *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000)). Under the objective component, the inmate must establish that the alleged deprivation is sufficiently serious and poses a substantial risk of serious harm. The subjective component is established if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Napier*, 238 F.3d at 742 (citing to *Farmer v. Brennan,* 511 U.S. at 834). In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997) (citing *Farmer v. Brennan,* 511 U.S. at 837).

Bills' allegations against Gonzales and McAnally, if true, state a valid claim for relief. Accordingly, the complaint will proceed against these two defendants.

Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshals Office, who must effect service upon the defendants once

the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Accordingly, the Court will order the United States Marshals Office to direct service towards Gonzales and McAnally.

## V. CONCLUSION

**IT IS ORDERED** that Bills' civil rights complaint (ECF No. 1) is **DISMISSED IN PART WITHOUT PREJUDICE** as to Dr. Cocoran for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Bills' complaint be served upon the remaining named defendants, Sheryl Gonzales and Stephen McAnally, by the United States Marshals Service, without prepayment of fees.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: May 12, 2025

8

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2025.

                                           s/ **S. Osorio**
                                           Sandra Osorio
                                           Case Manager