**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDDIE BILLS, JR,

        *Plaintiff,*

v.

SHERYL GONZALEZ and
STEPHEN McANALLY,

        *Defendants.*

_____/

Case No. 2:25-cv-10676

Jonathan J.C. Grey
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### ORDER DENYING PLAINTIFF'S MOTIONS
### FOR APPOINTMENT OF EXPERT WITNESSES (ECF No. 51)
### AND FOR WITHDRAWAL OF ATTORNEY (ECF No. 54)

**I.**    **INTRODUCTION**

For the following reasons, **IT IS ORDERED** that Plaintiff Freddie Bills, Jr.'s

motion for appointment of expert witnesses (ECF No. 51) is **DENIED WITHOUT**

**PREJUDICE**. **IT IS FURTHER ORDERED** that Bills' motion for withdrawal of

Defendant Stephen McAnally's attorney (ECF No. 54) is **DENIED**.

**II.**    **DISCUSSION**

    **A.**    **Background**

This is a prisoner civil rights case under 42 U.S.C. § 1983.  In March 2025,

1

Bills filed a complaint against Paul Cocoran, MD,[1] Sheryl Gonzalez, NP, and Stephen McAnally, RN.

Bills alleges he is an eighty-two-year-old man who has been diagnosed with Peripheral Artery Disease.  (ECF No. 1, PageID.4).  Bills has previously undergone angioplasty surgery on both of his legs.  (*Id.*).  A physician's assistant performed an ankle brachial procedure (ABI), after which he approved Bills to have an angiogram procedure performed to determine whether there were blood flow blockages in his legs.  If untreated, such blockages could lead to amputation of the legs or a heart attack.  (*Id.* at PageID.4–6).

Dr. Corcoran, a doctor employed by Henry Ford Hospital in Jackson, Michigan, declined to perform an angiogram on Bills, believing that the ABI and a treadmill test were sufficient substitutes for the angiogram.  (*Id*. at PageID.7).  Bills alleges that Defendant Sheryl Gonzalez, a nurse practitioner employed by the Michigan Department of Corrections (MDOC) and Defendant McAnally, a registered nurse employed by the MDOC, have refused to order an angiogram and adopted Dr. Cocoran's recommendation against the MDOC-approved angiogram procedure.  (*Id*. at PageID.7–8).  Bills asserts that Gonzalez's actions constitute cruel and unusual punishment and leave him in constant leg pain, subject him to higher

---

[1] Dr. Cocoran was dismissed from this action during review pursuant to 28 U.S.C. § 1915(e)(2)(B).  (ECF No. 9, PageID.294).

risks of tissue damage and leg amputation and increase his current and future risk of heart attack and stroke.  (*Id.* at PageID.7).  He further alleges that if McAnally examined Bills' legs, the examination would confirm certain symptoms associated with blood flow blockage.  (*Id.* at PageID.8).  Bills also alleges that Defendant Gonzalez refuses to provide any treatment for his high cholesterol or his Stage 2 kidney disease.  (*Id*. at PageID.8).

Bills now seeks an order appointing two expert witnesses to establish his serious medical need for an angiogram procedure.  (ECF Nos. 51, PageID.520).  He also seeks an order requiring Defendant McAnally's counsel to withdraw.  (ECF No. 54).

## B.    Expert Witnesses

Bills moves pursuant to Federal Rule of Evidence 702 for the Court to appoint two MDOC employees as expert witnesses—NP Peter Watson and Dr. R. Coleman.  (ECF No. 51, PageID.520).  He argues Watson and Coleman requested and approved the angiogram procedure that Defendants ignored.  (*Id.*).

A motion for a court-appointed expert witness is properly made under Fed. R. Evid. 706(a):

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing.  But the court may only appoint someone who consents to act.

This Rule does not provide a method to appoint an expert witness for a litigant at public expense. *Colton v. Scutt*, No. 10-cv-13073, 2012 WL 5383115, at *7 (E.D. Mich. Nov. 1, 2012). Instead, Rule 706 allows the court to appoint an expert witness to aid the court, not to aid a litigant. *Id.* The Rule thus requires a strong showing that the plaintiff's case is meritorious and that the appointment is necessary to aid the court. *Id.*

The Court does not find that an expert witness is currently necessary to aid it in this litigation. The case is still at the early stages, with one Defendant not yet having answered the complaint. Discovery has not begun at this time, nor have any dispositive motions been filed, meaning there are currently no factual disputes to resolve.[2] Furthermore, the proposed experts are potential fact witnesses who may be unnecessary or inappropriate to offer an expert opinion for the Court's aid.

Indeed, Bills' citation to *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990), shows the instant motion is premature. In *Smith*, the Eighth Circuit reversed after the district court denied a Rule 706 motion and granted summary judgment in favor of the defendant when fact issues remained. It remains to be determined whether

---

[2] To the extent Bills believes an expert is necessary to rebut this Court's "conclusion that ' . . . Bills has not submitted any medical evidence in support of his motion,'" (ECF No. 51, PageID.521 (quoting ECF No. 27, PageID.406–07)), the Court was not making an ultimate finding but was instead evaluating Bills' request for a preliminary injunction pending the merits of the case. This finding has no bearing on the ultimate merits of the case, which is in the early stages. Bills has yet to conduct discovery, where some of the potential evidence he requires may come forth without the need for an expert.

the Court will need the aid of an expert in determining the appropriate standard of care under the facts presented here.  If it later becomes apparent the Court needs such aid, the Court may entertain a renewed motion or order the parties to show cause *sua sponte* why such aid is unnecessary.  *See* Fed. R. Evid. 706(a).

### C.    Attorney Withdrawal

Bills' "motion for mandatory withdrawal of attorney representation on behalf of Defendant Stephen McNally [sic]" (ECF No. 54) is difficult to follow.  It seems Bills moves the Court to order McAnally's attorney to withdraw for violation of the Michigan Rule of Professional Conduct 1.16(a).  (ECF No. 54, PageID.532).  Rule 1.16(a) says that a lawyer shall not represent a client if "the representation will result in violation of the Rules of Professional Conduct or other law."  However, Bills fails to establish that McAnally's continued representation would violate any Rule or law. His argument seems to be that because McAnally violated his constitutional rights by treating him with deliberate indifference, McAnally has waived any right to be represented by an attorney.  Putting aside this remarkable conclusion (that violating someone's constitutional rights waives any right to an attorney), Bills' stated reasons go to the merits of the case, which have not been decided either factually or legally and cannot be the basis of the motion.  Additionally, Bills' citation to Mich. Comp. Laws § 691.1409 deals with a state agency's ability to purchase liability insurance and has nothing to do with any violation of the Rules of Professional Conduct or

5

other statute.

Bills has not shown any reason why McAnally should not be represented by counsel, as is his right.  Thus, his motion is denied.

## III.   CONCLUSION

For these reasons, the Undersigned hereby **ORDERS** that Bills' motion for appointment of expert witnesses (ECF No. 51) is **DENIED WITHOUT PREJUDICE**.  **IT IS FURTHER ORDERED** that Bills' motion for withdrawal of Defendant McAnally's attorney (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED.**

Date:  February 18, 2026                       s/ PATRICIA T. MORRIS
                                                              Patricia T. Morris
                                                              United States Magistrate Judge

6