**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDDIE BILLS, JR.,

Plaintiff,

v.

SHERYL GONZALEZ, et al.,

Defendants.
________________________________/

Case No. 25-10676
Hon. Jonathan J.C. Grey
Mag. Judge Patricia T. Morris

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (ECF Nos. 66, 69), DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 42, 47), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 53), DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 72), AND GRANTING DEFENDANT GONZALEZ'S MOTION FOR SUMMARY JUDGMENT (ECF No. 62)**

## I. INTRODUCTION

On March 11, 2025, pro se Plaintiff Freddie Bills, Jr., incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Currently pending before the Court are Bills' motions for summary judgment (ECF Nos. 42, 47), Bills' motion for extension of time (ECF No. 53), Defendant Sheryl Gonzalez's motion for summary judgment (ECF

No. 62), and Bills' motion to strike material factual misrepresentation (ECF No. 72).

These matters now come before the Court on Magistrate Judge Patricia T. Morris': (1) Report and Recommendation dated February 18, 2026 (the "February 18, 2026 R&R"), where she recommends that the Court deny Bills' motions for summary judgment and extension of time (ECF No. 66); and (2) Report and Recommendation dated April 2, 2026 (the "April 2, 2026 R&R"), where she recommends that the Court grant Gonzalez's motion for summary judgment on the basis of exhaustion (ECF No. 69).

No party has filed an objection to the February 18, 2026 R&R. The Court has had an opportunity to review this R&R and finds that Magistrate Judge Morris reached the correct conclusions for the proper reasons. Furthermore, as neither party has raised an objection to this R&R, the Court finds that the parties have waived any further objections to the Report and Recommendation. *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (a party's failure to file any objections waives his or her right to further appeal); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

On April 21, 2026, Bills filed a motion to strike material factual representation from the April 2, 2026 R&R and argues that his attached grievances are proof of proper exhaustion (ECF No. 72), which the Court construes as untimely objections to the April 2, 2026 R&R. Judge Morris' April 2, 2026 R&R explicitly mentioned the 14-day time limit under Federal Rule of Civil Procedure 72. (ECF No. 69, PageID.677.) Because Bills failed to file his objections within 14 days, his objections are waived. However, given his pro se status, the Court will nonetheless consider the objections. No defendant responded to his filing.

For the reasons set forth below, the Court **OVERRULES** Bills' objections and **DENIES** his motion to strike material factual representation (ECF No. 72), **ADOPTS** Magistrate Judge Morris February 18, 2026 R&R (ECF No. 40), **ADOPTS** Magistrate Judge Morris' April 2, 2026 R&R (ECF No. 69), **DENIES** Bills' motions for summary judgment and extension of time (ECF Nos. 42, 47, 53), and **GRANTS** Gonzalez's motion for summary judgment (ECF No. 62).

## II. ANALYSIS

### A. Legal Standard

The Court reviews de novo any portion of the R&R to which a

specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Additionally, the Prison Litigation Reform Act requires that an inmate exhaust all available state administrative remedies to bring a § 1983 action in federal courts. 42 U.S.C. § 1997e(a). Exhaustion must be proper, meaning that the plaintiff must have completed "all steps that the agency holds out . . . *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotations omitted) (emphasis in original). Procedural rules must be followed to adequately exhaust. *Id.* at 95–97.

Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 establishes grievance procedures for MDOC inmates. After an issue arises, the inmate must attempt to resolve the issue with the involved staff member within two days. (ECF No. 62-2, PageID.635–636.) Once the inmate has spoken with the involved staffer, the inmate may proceed to file a step I grievance within five business days after the attempted informal resolution. (*Id.*) If dissatisfied with the outcome at step I, the inmate may file a step II grievance. (*Id.* at PageID.637–638.) If still dissatisfied with the resolution at step II, the inmate may file a step III grievance within 10 business days. (*Id.* at PageID.638.)

**B. Bills' First Objection**

Bills contends that Magistrate Judge Morris misstated that a physician's assistant approved him to have an angiogram procedure and that in actuality, a doctor authorized the procedure. (ECF No. 72, PageID. 686.) He further asserts that Magistrate Judge Morris and the undersigned have misstated this fact in a conspiracy to deny him relief. (*Id.*) Previously, Bills had filed a motion to strike material factual misrepresentations regarding the same alleged misrepresentation (ECF No. 31), which the Court denied because "[w]hether it was the physician's

assistant or a doctor who approved the angiogram was immaterial to the Court's conclusion that Bills failed to allege or show that Dr. Cocoran was acting under color of state law." (ECF No. 56, PageID.542–543.) The same holds true now. Accordingly, the Court **OVERRULES** Bills' first objection.

### C. Bills' Second Objection

Bills attaches some grievance documentation and argues that it is evidence of exhaustion. (ECF No. 72, PageID.686–699.) He attaches rejection notices regarding Grievance JCF-24-09-1716-28I (*id.* at PageID.696–698), which Magistrate Judge Morris appropriately identified was rejected for failure to resolve the issue informally before filing the grievance as required by MDOC policy. (ECF No. 69, PageID.674.) He also attaches rejection notices regarding Grievances JCF-24-09-1717-28I and JCF-24-09-1717-28E (ECF No. 72, PageID.690, 692), neither of which are at issue in the matter at hand (ECF No. 62-1), and in any case, were rejected for failure to follow MDOC policy.

This evidence supports Magistrate Judge Morris' findings that Bills failed to exhaust his claims against Gonzalez. This objection is **OVERRULED**.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the February 18, 2026 R&R (ECF No. 66) and April 2, 2026 R&R (ECF No. 69) are **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Gonzalez's motion for summary judgment (ECF No. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Bills' motions for summary judgment (ECF Nos. 42, 47), motion for extension of time (ECF No. 53), and motion to strike material factual representation from the April 2, 2026 R&R (ECF No. 72) are **DENIED**.

**IT IS FURTHER ORDERED** that Bills' cause of action against Gonzalez is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: September 2, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager